UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. MECKFESSEL-POLETTI, | Case No. 2:25-cv-01315-DJC-CSK PS |
| Plaintiff, | |
| v. | ORDER GRANTING IFP REQUEST, DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND |
| WORKDAY, INC., | |
| Defendant. | (ECF Nos. 1, 2) |

Plaintiff Julie A. Meckfessel-Poletti is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request. The Complaint, however, fails to state a claim and therefore, the Court dismisses the Complaint with leave to amend.

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*,

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1  203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an
2  arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In
3  reviewing a complaint under this standard, the court accepts as true the factual
4  allegations contained in the complaint, unless they are clearly baseless or fanciful, and
5  construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490
6  U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960
7  (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).
8        Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627
9  F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*).
10 However, the court need not accept as true conclusory allegations, unreasonable
11 inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d
12 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does
13 not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007);
14 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
15       To state a claim on which relief may be granted, the plaintiff must allege enough
16 facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A
17 claim has facial plausibility when the plaintiff pleads factual content that allows the court
18 to draw the reasonable inference that the defendant is liable for the misconduct alleged."
19 *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the
20 complaint and an opportunity to amend unless the complaint's deficiencies could not be
21 cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80
22 F.3d 336, 339 (9th Cir. 1996).
23 **II.    THE COMPLAINT**
24       Plaintiff brings this action against Defendant Workday, Inc., alleging violations of
25 (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-17; (2) Age Discrimination
26 in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621-634; (3) Americans with
27 Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112-12117; (4) Genetic Information
28 Nondiscriminatory Act ("GINA"); and (5) California Fair Employment and Housing Act

("FEHA"), Cal. Government Code 12940. Compl. at 2, 4 (ECF No. 1).

Plaintiff alleges that Defendant is the "contracted Human Resources for Sprouts Farmers Market Inc." *Id.* at 13, 14. Plaintiff applied to Sprouts Farmers Market in November 2019 for a legal assistant position but was instead hired and placed in a deli position. *Id.* at 14. Plaintiff states she had almost seven years of experience as a legal assistant and was thus qualified for the position. *Id.*

Plaintiff alleges that she is an individual with a qualified disability related to her left arm that "substantially limits one or more of [her] daily and major life activities. *Id.* at 5, 13-14, 22. Plaintiff alleges that the deli was a physically demanding job where she tried "to hold food with [her] left hand and use knives up to safety standards," and had to wash dishes "at least half the time." *Id.* at 22. Plaintiff alleges she informed a store manager about her disability and requested reasonable accommodations, such as a "table position for free movement," help lifting boxes, help lifting rotisserie chicken racks, and help lifting "huge pots of soup." *Id.* at 23. Plaintiff requested to move to the produce department or any other open position. *Id.* Plaintiff alleges her requests were "met with arrogance and laughter" and the store manager made "numerous inferences that [Plaintiff] had a mental disability." *Id.*

In 2020, Plaintiff went on a two week leave of absence, which was extended by eight or nine months by Sprouts corporate management. *Id.* at 21. Plaintiff alleges she tried to return to work in May 2021, but when she logged on to the employee portal, her employee number was gone with no notice. *Id.* Plaintiff alleges that she was terminated during the second week of July in 2021. *Id.* at 22.

Plaintiff also states that Lisa Meckfessel McFall, Plaintiff's "first cousin on [her] adoptive father's side" works at Workday. *Id.* at 5. Plaintiff alleges that Ms. McFall used her position at Workday to further a "smear campaign" against Plaintiff including harassment and "reduc[tion] of [Plaintiff's] job title." *Id.* at 15, 19. Plaintiff alleges this "smear campaign in family court was to keep custody out of [Plaintiff's] hands and not pay child support or a divorce settlement." *Id.* at 17. Plaintiff makes other statements

3

about Ms. McFall, including that Ms. McFall "used her position against [Plaintiff] personally through Sprouts Farmers Market over a family will and other criminal conduct." *Id.* at 15.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission and received a notice of her right to sue in February 2025. *See* Compl. 8-12.

### III. DISCUSSION

#### A. Federal Rule of Civil Procedure 8

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief. *Iqbal*, 556 U.S. at 678.

The only Defendant named in the Complaint is Workday, Inc. *See* Compl. at 2. However, the majority of the allegations in the Complaint are against Sprouts and Sprouts employees. Accordingly, given the requirement to construe pro se pleading liberally, the Court construes Plaintiff's Complaint as being brought against both Workday and Sprouts and will address each of Plaintiff's claims against Defendant Workday and Defendant Sprouts. *See Hebbe*, 627 F.3d at 342 & n.7.

Plaintiff's five causes of action against Defendant Workday and Sprouts allege violations of: (1) Title VII, 42 U.S.C. § 2000e-17; (2) ADEA, 29 U.S.C. § 621-634; (3) ADA, 42 U.S.C. § 12112-12117; (4) GINA; and (5) FEHA, Cal. Government Code 12940. The Court addresses each of the claim's deficiencies as it relates to Defendant Workday and Sprouts.

///
///
///

4

1. Title VII Claim

   a. Legal Standards

Title VII protects individuals from discrimination based on race, color, gender, religion, or natural origin. *See* 42 U.S.C. § 2000e-2(a)(1). To state a claim for retaliation under Title VII, an employee must show (1) she engaged in a protected activity; (2) the employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). The last element requires that the protected activity be the but-for cause of the alleged adverse action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). An employee has engaged in a protected activity if she has either (1) "opposed any practice made an unlawful employment practice by Title VII" or (2) "made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing" under Title VII. *E.E.O.C. v. Cal. Psychiatric Transitions, Inc.* 644 F. Supp. 2d 1249, 1279 (E.D. Cal. 2009). Additionally, "making complaints to an officer of a company about discriminatory practices is a protected activity." *Id.*

   b. Workday

Plaintiff has failed to state a claim under Title VII claim against Defendant Workday. First, Plaintiff has not sufficiently alleged that Defendant is her employer. She states she is suing Workday because it is Sprouts' Human Resources company. Compl. at 14. Plaintiff alleges that she was employed by Sprouts, and does not make any allegations that she was also employed by Workday. *See id.* Second, the Complaint alleges no facts demonstrating Plaintiff participated in a protected activity or suffered any adverse action due to participation in a protected activity. *See Ray v*, 217 F.3d at 1240; *Cal. Psychiatric Transitions*, 644 F. Supp. 2d at 1279. Further, Plaintiff has not alleged that any discrimination occurred due to Plaintiff's race, color, gender, religion, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). As discussed below, Plaintiff's discrimination claims are related to her disability or age. Because Plaintiff has failed to state a claim under Title VII against Defendant Workday, Plaintiff's Title VII claim against Defendant

5

Workday is dismissed with leave to amend. *See Lopez*, 203 F.3d at 1130-31.

### c. Sprouts

Plaintiff has also failed to state a claim under Title VII against Defendant Sprouts. Plaintiff alleges that she was employed by Sprouts (Compl. at 14), however she has not sufficiently alleged that she participated in a protected activity or suffered any adverse action due to participation in a protected activity. *See Ray v*, 217 F.3d at 1240; *Cal. Psychiatric Transitions*, 644 F. Supp. 2d at 1279. Plaintiff also has not alleged that any discrimination occurred due to Plaintiff's race, color, gender, religion or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Accordingly, Plaintiff's Title VII claims against Sprouts are dismissed with leave to amend. *See Lopez*, 203 F.3d at 1130-31.

## 2. ADEA Claim

### a. Legal Standards

Under the ADEA, it is unlawful to discharge any individual because of his or her age. 29 U.S.C. § 623(a)(1). To state a claim under the ADEA, a plaintiff must show: (1) she was at least 40 years old, (2) she was performing her job satisfactorily, (3) she was discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under other circumstances that gave rise to an inference of age discrimination. *Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201, 1207 (9th Cir. 2008).

### b. Workday

Plaintiff does not sufficiently plead an ADEA claim against Defendant Workday. The Complaint alleges Plaintiff was discharged by a Sprouts manager, not a Workday employee, and Plaintiff has not alleged that Workday was her employer. Compl. at 22. Also, although Plaintiff was 53 years old when she was discharged, the Complaint does not allege that she was performing her job satisfactorily or that she was replaced by a person substantially younger than her with equal or inferior qualifications. *See* Compl. at 5, 22; *see also Diaz*, 521 F.3d at 1207. Because Plaintiff fails to state an ADEA claim against Workday, the ADEA claim against Workday is dismissed with leave to amend.

*See Lopez*, 203 F.3d at 1130-31.

  c.  Sprouts

Plaintiff does not sufficiently plead an ADEA claim against Defendant Sprouts. As stated above, although Plaintiff was 53 years old when she was discharged, there are no facts alleged that she was performing her job satisfactorily or that she was replaced by a person substantially younger than her with equal or inferior qualifications. *See* Compl. at 5, 22; *see also Diaz*, 521 F.3d at 1207. Because Plaintiff has not alleged sufficient facts to state a claim against Sprouts under the ADEA, this claim is dismissed with leave to amend. *See Lopez*, 203 F.3d at 1130-31

  3.  <u>ADA Claim</u>

  a.  *Legal Standards*

Pursuant to the ADA, a "disability" is defined as: a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment. 42 U.S.C. § 12102(2). A failure to accommodate claim under the ADA requires that the plaintiff establish (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (citing *Allen v. Pac. Bell,* 348 F.3d 1113, 1114 (9th Cir. 2003)); *see* 42 U.S.C. § 12112(a), (b)(5)(A). A "qualified individual" is an individual with a disability who, either with or without a reasonable accommodation, can perform the essential functions of the employment position. *Samper*, 675 F.3d at 1237. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position. *Id*.

  b.  *Workday*

Plaintiff has failed to state a claim against Defendant Workday. Here, for purposes of screening, Plaintiff has sufficiently alleged that she is disabled within the meaning of

the ADA. *See* Compl. at 13-14. But Plaintiff does not allege that she was employed by Defendant. Further, the Complaint alleges no facts to suggest Workday was aware of Plaintiff's disability or facts showing any accommodation requests Plaintiff made. *See Samper*, 675 F.3d at 1237. Accordingly, the ADA claim against Workday is dismissed with leave to amend. *See Lopez*, 203 F.3d at 1130-31.

          c.     Sprouts

Plaintiff has failed to state a claim against Sprouts under the ADA because Plaintiff has not sufficiently alleged she suffered an adverse employment action due to her disability. *See Samper*, 675 F.3d at 1237. As described above, Plaintiff has sufficiently alleged that she is disabled within the meaning of the ADA. *See* Compl. at 13-14. Plaintiff has also has not sufficiently alleged she is a qualified individual who can perform the essential functions of the job. *See Samper*, 675 F.3d at 1237. Plaintiff states she "was always well qualified to perform the duties of the legal assistant position" and that she "was at all times well qualified and able to perform the deli duties." Compl. at 22. However, these conclusory statements are insufficient to allege she is a qualified individual. *Western Mining Council*, 643 F.2d at 624. Plaintiff alleges despite having close to seven years' experience as a legal assistant, she was ultimately placed to work in Sprouts' deli, not as a legal assistant. Compl. at 14, 22. Additionally, Plaintiff asked for disability accommodations on numerous occasions to no avail. Compl. at 23. The Complaint alleges that in January 2020, Plaintiff informed the store manager of her disability and requested reasonable accommodations but, her "conversations or requests were met with arrogance and laughter by Manager Tonia Tong. Ms. Tong made repeated inferences that I had a mental disability." *Id*. Plaintiff alleges that she suggested accommodations of her disability such as moving her to the produce department, helping Plaintiff with lifting boxes, and/or changing table positioning for free movement. *Id*. The Complaint does not, however, allege that she was terminated because of her disability. *See Samper*, 675 F.3d at 1237. Therefore, the Court dismisses Plaintiff's ADA claim against Sprouts with leave to amend. *See Lopez*, 203 F.3d at 1130-31.

#### 4. <u>GINA Claim</u>

##### a. *Legal Standards*

"Genetic information" refers to information about an individual's genetic tests, the genetic tests of family members of such individual, and/or the manifestation of a disease or disorder in family members of such individual. 42 U.S.C. § 2000ff(4)(A); *see Tulipat v. Lombardo*, 2020 WL 6566846, at * 3 (D. Nev. Nov. 9, 2020). Under GINA, an employer is "prohibited from using individual or family genetic information when making employment decisions or otherwise discriminating on the basis of an employee's genetic information." *Biruk v. Boeing Co.*, 2025 WL 1866182, at *5 (W.D. Wash. July 7, 2025) (citing 42 U.S.C. § 2000ff-1(a)).

##### b. *Workday*

Plaintiff has failed to state a GINA claim against Defendant Workday. Plaintiff appears to bring this claim because she is related to a Workday employee, Ms. McFall, and has not alleged that Workday was her employer. Plaintiff alleges no facts to suggest that Workday discharged Plaintiff, or that Plaintiff was discharged due to any genetic information. *See Biruk*, 2025 WL 1866182, at *5. Therefore, the GINA claim against Workday is dismissed with leave to amend. *See Lopez*, 203 F.3d at 1130-31.

##### c. *Sprouts*

Plaintiff fails to sufficiently plead a GINA claim against Sprouts. Although Plaintiff claims her discharge from Sprouts occurred after disclosing that her cousin, an employee of Workday, is leading an intentional smear campaign against Plaintiff, Plaintiff has not alleged that she was discharged due to her genetic information. *See Biruk*, 2025 WL 1866182, at *5. Accordingly, Plaintiff's claim against Sprouts is dismissed with leave to amend. *See Lopez*, 203 F.3d at 1130-31.

#### 5. <u>Plaintiff's State Law Claim</u>

As discussed above, Plaintiff has failed to state a claim under federal law. Accordingly, at this time, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy*

*Sheriff's Ass'n*, 535 F. Supp. 3d 913, 930 (E.D. Cal. 2021); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992). Because Plaintiff has failed to state a claim under any federal statue, she has not established this Court's jurisdiction. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.

### B.    Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

In light of Plaintiff's pro se status and because it is conceivable that Plaintiff could allege additional facts to state an employment claim against her former employer, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint to allege an employment claim. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

Plaintiff should amend her Complaint only if she is able to allege sufficient facts for her claims, as outlined above. If Plaintiff elects to file an amended complaint, this new pleading should allege facts establishing the existence of federal subject matter

jurisdiction and must contain a short and plain statement of each claim. In an abundance of caution given Plaintiff's pro se status, Plaintiff is granted leave to amend but the Court notes that amendment may be futile as to Defendant Workday, who was not Plaintiff's employer. If Plaintiff amends and continues to allege employment claims against Workday, the amended complaint must make clear how such claims can be brought against Workday. The Court further notes that amendment may be futile as to any GINA claim as there are no allegations that Plaintiff was discharged due to her genetic information or her family's genetic information. *See Biruk*, 2025 WL 1866182, at *5.

Any amended complaint should be titled "Amended Complaint." The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the court and the defendant(s) to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the

1  amended complaint is filed and served, any previous complaint no longer serves any
2  function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).
3      If Plaintiff chooses to file an amended complaint, she must clearly identify each
4  defendant. If Plaintiff wishes to bring claims against Sprouts, she must clearly identify
5  Sprouts as a defendant and make clear which allegations and claims are brought
6  against it so that Sprouts is given proper notice of the allegations and claims against it.
7      Plaintiff shall have 21 days from the date of this order to file an amended
8  complaint. If Plaintiff fails to timely file an amended complaint, the Court may
9  recommend that this action be dismissed for failure to prosecute.

## IV. CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and
3. Plaintiff shall have 21 days from the date of this order to file an amended complaint. If Plaintiff fails to timely file an amended complaint, the undersigned may recommend that this action be dismissed.

Dated: August 25, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, meck.1315.25