UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. MECKFESSEL-POLETTI,<br><br>    Plaintiff,<br><br>    v.<br><br>WORKDAY, INC.,<br><br>    Defendant. | Case No. 2:25-cv-01315-DJC-CSK PS<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(ECF No. 4) |

Plaintiff Julie A. Meckfessel-Poletti, representing herself in this action, has filed a First Amended Complaint ("FAC").[1] FAC (ECF No. 4). The Court previously granted Plaintiff's application to proceed in forma pauperis ("IFP"), dismissed the Complaint, and granted leave to amend. (ECF No. 3.) The Court finds that the FAC fails to state a claim, and therefore recommends that the FAC be dismissed without leave to amend.

**I.     SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*,

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II.   DISCUSSION

In the FAC, Plaintiff brings the same claims that were brought in the Complaint, but makes clear in the FAC that both Sprouts Farmers Market, Inc. and Workday, Inc. are named defendants.[2] Plaintiff brings this action against Defendants alleging violations

---

[2] Additional background is provided in the Court's first screening order. 8/25/2025 Order (ECF No. 3).

2

of (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-17; (2) Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621-634; (3) Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112-12117; (4) Genetic Information Nondiscriminatory Act ("GINA"); and (5) California Fair Employment and Housing Act ("FEHA"), Cal. Government Code 12940. FAC at 4, 22-23. The Court addresses each of the claim's deficiencies as it relates to Defendants.

Though the FAC provides additional details, as discussed below, even with the additional details, Plaintiff's allegations fail to state a claim.

### A. Federal Rule of Civil Procedure 8

Plaintiff's FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's FAC reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief. *Iqbal*, 556 U.S. at 678.

As an initial matter, the Court notes that most of Plaintiff's allegations are against Sprouts and Sprouts employees. It appears Plaintiff includes Workday as a Defendant because her cousin is an employee at Workday. Plaintiff alleges "that the discriminatory conduct at [Sprouts] wouldn't have occurred if it hadn't been for my adoptive first cousin Lisa Meckfessel McFall['s] position as VP, Deputy Council for Intellectual Property at [Workday]." FAC ¶ 25. Plaintiff also alleges "that the but for cause of all of the Plaintiffs' alleged discriminatory actions carried out at [Sprouts] [c]ame from [Workday] and the adverse actions were related to my adoptive families ongoing attempt to get me out of my parents Will & Trust and Desmond, Nolan, Liviach and Cunningham." *Id.* As the Court addresses below, Plaintiff's allegations against Defendants Workday and Sprouts are insufficient to state a claim.

///

**B.    Title VII Claim**

      1.    <u>Legal Standards</u>

Title VII protects individuals from discrimination based on race, color, gender, religion, or natural origin. *See* 42 U.S.C. § 2000e-2(a)(1). To state a claim for retaliation under Title VII, an employee must show (1) she engaged in a protected activity; (2) the employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). The last element requires that the protected activity be the but-for cause of the alleged adverse action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). An employee has engaged in a protected activity if she has either (1) "opposed any practice made an unlawful employment practice by Title VII" or (2) "made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing" under Title VII. *E.E.O.C. v. Cal. Psychiatric Transitions, Inc.* 644 F. Supp. 2d 1249, 1279 (E.D. Cal. 2009). Additionally, "making complaints to an officer of a company about discriminatory practices is a protected activity." *Id.*

      2.    <u>Workday</u>

As the Court already found in its first screening order dismissing this claim against Defendant Workday, the FAC does not sufficiently allege that Workday is <u>Plaintiff's</u> employer. *See* 8/25/2025 Order at 5; FAC. Despite being expressly informed of this defect in the Complaint, the FAC remains similarly defective. Plaintiff alleges that she was employed by Sprouts, but does not allege that she was also employed by Workday. *See* FAC. The alleged connection to Workday is Plaintiff's allegation that the discriminatory conduct that occurred at Sprouts would not have occurred but for the employment of her cousin Lisa Meckfessel McFall at Workday, which is Sprout's contracted Human Resources company. FAC ¶¶ 2, 4, 19, 25. In addition, Plaintiff's allegations related to protected activities are related to activities and individuals at Sprouts, not Workday. *See* FAC.

Accordingly, Plaintiff fails to state a claim against Defendant Workday, and

1  Plaintiff's Title VII claim against Workday is dismissed without leave to amend because
2  Plaintiff has already been provided with an opportunity to amend and further amendment
3  would be futile. *See Cato v. United States,* 70 F.3d 1103, 1105-06 (9th Cir. 1995).

          3.     Sprouts

5       Plaintiff has also failed to state a Title VII claim against Defendant Sprouts. In its
6  first screening order dismissing this claim against Defendant Sprouts, Plaintiff was
7  informed that the Complaint failed to sufficiently allege that she suffered discrimination
8  due to a protected ground. *See* 8/25/2025 at 6. The FAC alleges discrimination on the
9  basis of religion. FAC at 5. Despite being expressly informed of the defects in the
10 Complaint, the FAC fails to sufficiently allege that Plaintiff suffered discrimination due to
11 her religion or another protected ground, or that she suffered retaliation.

12      Though Plaintiff alleges that she was employed by Sprouts, *see* FAC ¶ 8, the FAC
13 fails to sufficiently allege the other elements for a Title VII discrimination or retaliation
14 claim against Sprouts. *See* FAC; *Univ. of Tex. Sw. Med. Ctr.*, 570 U.S. at 362; *Ray*, 217
15 F.3d at 1240; *Cal. Psychiatric Transitions*, 644 F. Supp. 2d at 1279. The FAC's primary
16 allegations concern Plaintiff's manager, Sprouts employee Tonia Tong. The FAC alleges
17 Plaintiff had difficulty adjusting her schedule to take care of her daughter, and that the
18 supervisor was not accommodating. FAC ¶¶ 34-40. The FAC alleges harassment where
19 Ms. Tong made "negative underhanded comments" to Plaintiff, but Plaintiff "never
20 witnessed her being overly rude or sarcastic with other employees than me" (FAC ¶ 47);
21 when a non-management employee who was senior to Plaintiff "had me doing heavier
22 tasks instead of prepping food for the deli cases" (FAC ¶ 50); and that Plaintiff was sent
23 upstairs to the supply room, and there was a post it note on the door stating "Your life is
24 not a joke, jokes have meaning" (FAC ¶ 55). Plaintiff alleges that she engaged in
25 protected activities "for reporting unsafe working conditions for leaving boxes of meat
26 stacked in walking areas" and "for reporting harassment." FAC ¶¶ 5, 38. Plaintiff reported
27 to Ms. Tong that Plaintiff "felt that I was being harassed by the overly different
28 treatment." FAC ¶ 50. She also reported the post-it note to a new deli manager named

Adrienne. FAC ¶ 55. Further, while the FAC includes allegations related to religion where Plaintiff told a supervisor that her daughter attended a Christian high school, and the supervisor "laughed and asked [Plaintiff] if [she] was Catholic" and "[k]ind of mocked me with a disbelieving expression," these allegations fail to state a claim of discrimination due to Plaintiff's religion.

The FAC fails to sufficiently allege that any discrimination occurred based on Plaintiff's religion or any other protected ground (race, color, gender, or national origin).[3] *See* 42 U.S.C. § 2000e-2(a)(1). In addition, the FAC fails to allege a retaliation claim. The FAC's conclusory allegation that Plaintiff "was terminated in retaliation" (FAC ¶ 84) is insufficient. Accordingly, Plaintiff's Title VII claims against Sprouts are dismissed without leave to amend because Plaintiff has already been provided with an opportunity to amend and further amendment would be futile. *See Cato*, 70 F.3d at 1105-06.

**C.   ADEA Claim**

1.   Legal Standards

Under the ADEA, it is unlawful to discharge any individual because of his or her age. 29 U.S.C. § 623(a)(1). To state a claim under the ADEA, a plaintiff must show: (1) she was at least 40 years old, (2) she was performing her job satisfactorily, (3) she was discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under other circumstances that gave rise to an inference of age discrimination. *Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201, 1207 (9th Cir. 2008).

2.   Workday

Plaintiff does not sufficiently plead an ADEA claim against Defendant Workday. As described above, the FAC again fails to allege that Workday is Plaintiff's employer. *See* 8/25/2025 Order at 6. In addition, the FAC alleges Plaintiff was discharged by

---

[3] The Court notes that though the FAC includes allegations related to Plaintiff's work schedule and childcare, the FAC does not allege discrimination on the basis of gender or sex, or include any allegations regarding how male employees were treated or employees without children. *See* FAC.

Sprouts, not Workday. *See* FAC ¶ 70. Because Plaintiff fails to state an ADEA claim against Workday, the ADEA claim against Workday is dismissed without leave to amend because Plaintiff has already been provided with an opportunity to amend and further amendment would be futile. *See Cato*, 70 F.3d at 1105-06.

### 3. Sprouts

Plaintiff also does not sufficiently plead an ADEA claim against Defendant Sprouts. In its first screening order dismissing this claim against Defendant Sprouts, the Court concluded that Plaintiff did not sufficiently allege that Plaintiff was performing her job satisfactorily or that she was replaced by a person substantially younger than her with equal or inferior qualifications. *See* 8/25/2025 Order at 7. The FAC alleges that younger applicants received the other deli position Plaintiff requested while she was still employed at Sprouts (FAC ¶ 45), but does not allege that Plaintiff was performing her job satisfactorily or that after Plaintiff was discharged, that she was replaced by a person substantially younger than her with equal or inferior qualifications. *See* FAC. Despite being expressly informed of the Complaint's defects, the FAC again fails to plead the required elements. *See* FAC ¶ 45; *see also Diaz*, 521 F.3d at 1207. The only ADEA element sufficiently pled is that Plaintiff was 53 years old when she was discharged. Because the FAC fails to allege sufficient facts to state an ADEA claim against Sprouts, this claim is dismissed without leave to amend. *See Cato*, 70 F.3d at 1105-06.

**D.  ADA Claim**

### 1. Legal Standards

Pursuant to the ADA, a "disability" is defined as: a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment. 42 U.S.C. § 12102(2). A failure to accommodate claim under the ADA requires that the plaintiff establish (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her

disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (citing *Allen v. Pac. Bell,* 348 F.3d 1113, 1114 (9th Cir. 2003)); see 42 U.S.C. § 12112(a), (b)(5)(A). A "qualified individual" is an individual with a disability who, either with or without a reasonable accommodation, can perform the essential functions of the employment position. *Samper*, 675 F.3d at 1237. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position. *Id*.

### 2. Workday

Plaintiff has again failed to state an ADA claim against Defendant Workday. As described above, despite being expressly informed of this defect in the Court's first screening order, the FAC fails to allege that Workday is Plaintiff's employer, which is a required element. *See* 8/25/2025 Order at 7-8; FAC. Because Plaintiff fails to state an ADA claim against Workday, the ADA claim against Workday is dismissed without leave to amend because Plaintiff has already been provided with an opportunity to amend and further amendment would be futile. *See Cato*, 70 F.3d at 1105-06.

### 3. Sprouts

In its first screening order dismissing this ADA claim, the Court concluded that the Complaint failed to sufficiently allege that Plaintiff suffered an adverse employment action due to her disability. *See* 8/25/2025 Order at 8. Despite being expressly informed of this defect, the FAC also fails to sufficiently allege that Plaintiff was terminated or was not assigned to different deli positions due to her disability. *See* FAC; *Samper*, 675 F.3d at 1237.

Here, for purposes of screening, the FAC has sufficiently alleged that Plaintiff is disabled within the meaning of the ADA and that Plaintiff is a qualified individual who can perform the essential functions of the job. *See* FAC ¶¶ 2, 8-10; *Samper*, 675 F.3d at 1237. The FAC alleges Plaintiff carried a food handlers' card, passed required food safety courses and exams, and completed training modules prior to being on the floor in the deli. FAC ¶¶ 8-10. Though the FAC includes allegations related to Plaintiff's arm

disability, including her request to "move table positions in the deli" and work different positions in the deli (FAC ¶¶ 39, 45), the FAC does not, however, allege that Plaintiff was not assigned different deli position or that she was terminated because of her disability.[4] *See* FAC; *Samper*, 675 F.3d at 1237. Therefore, the Court dismisses Plaintiff's ADA claim against Sprouts without leave to amend. *See Cato*, 70 F.3d at 1105-06.

### E. GINA Claim

#### 1. Legal Standards

"Genetic information" refers to information about an individual's genetic tests, the genetic tests of family members of such individual, and/or the manifestation of a disease or disorder in family members of such individual. 42 U.S.C. § 2000ff(4)(A); *see Tulipat v. Lombardo*, 2020 WL 6566846, at * 3 (D. Nev. Nov. 9, 2020). Under GINA, an employer is "prohibited from using individual or family genetic information when making employment decisions or otherwise discriminating on the basis of an employee's genetic information." *Biruk v. Boeing Co.*, 2025 WL 1866182, at *5 (W.D. Wash. July 7, 2025) (citing 42 U.S.C. § 2000ff-1(a)).

#### 2. Workday

Plaintiff has failed to state a GINA claim against Defendant Workday. As described above, despite being expressly informed of this defect in the Court's first screening order, the FAC fails to allege that Workday is Plaintiff's employer, which is a required element. *See* 8/25/2025 Order at 9; FAC. Plaintiff appears to bring this claim because she is related to a Workday employee, Lisa Meckfessel McFall. *See* FAC ¶ 25. Therefore, the GINA claim against Workday is dismissed without leave to amend because Plaintiff has already been provided with an opportunity to amend and further

---

[4] Though the FAC also includes allegations that contradict Plaintiff's ADA claim, such as the allegation that Plaintiff "was fully capable of competently completing all tasks without accommodations" (FAC ¶ 50), the Court does not consider this in concluding that the FAC fails to allege an ADA claim as a plaintiff is permitted to allege contradictory allegations. *See* Fed. R. Civ. P. 8(d).

amendment would be futile. *See Cato*, 70 F.3d at 1105-06.

### 3. Sprouts

Plaintiff also fails to sufficiently plead a GINA claim against Defendant Sprouts. Despite being expressly informed of this defect in the Complaint, the FAC also fails to plead the elements of this GINA claim. *See* 8/25/2025 Order at 9. The FAC does not allege any facts to suggest Plaintiff was discharged or discriminated on the basis of any genetic information. *See* FAC; *Biruk*, 2025 WL 1866182, at *5. Accordingly, Plaintiff's claim against Sprouts is dismissed without leave to amend because Plaintiff has already been provided with an opportunity to amend and further amendment would be futile. *See Cato*, 70 F.3d at 1105-06.

### F. Plaintiff's State Law Claim

As discussed above, Plaintiff has failed to state a claim under federal law and has not established this Court's jurisdiction. Accordingly, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy Sheriff's Ass'n*, 535 F. Supp. 3d 913, 930 (E.D. Cal. 2021); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

### G. Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato,* 70 F.3d at 1106 ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the

court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, Plaintiff was already granted one chance to amend her complaint, and the Court provided a detailed explanation of the deficiencies in her complaint. *See* 8/25/2025 Order. Despite this, Plaintiff was unable to allege sufficient facts to state a claim against either defendant. Accordingly, the Court finds that further amendment would be futile. The FAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

### III.     CONCLUSION

In accordance with the above, IT IS RECOMMENDED that:

1. Plaintiff's First Amended Complaint (ECF No. 4) be DISMISSED without leave to amend; and

2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 29, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, meck.1315.25