UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIE A. MECKFESSEL-POLETTI,

Plaintiff,

v.

WORKDAY, INC.,

Defendants.

No. 2:25-cv-01315-DJC-CSK

ORDER

Plaintiff has filed a Motion to Vacate (ECF No. 10), as well as a Motion for Extension of Time for Service of Summons/Complaint (ECF No. 14). In the former motion Plaintiff states that Plaintiff requests that the Court vacate judgment under Federal Rules of Civil Procedure 59 and 60, and that the undersigned disqualify himself under 28 U.S.C. § 455.[1] The bulk of the motion concerns the latter issue with Plaintiff requesting that the undersigned disqualify himself based on tenuous perceived connections to Plaintiff and others Plaintiff believes to be involved in her

[1] Plaintiff also cites 28 U.S.C. § 144. To the extent Plaintiff also intended to invoke that statute, that request is untimely. Section 144 requires that the required affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard[.]" Plaintiff's Motion to Vacate was filed a month after judgment was entered in this action, and Plaintiff has not established good cause to excuse this delay.

case. The Court does not find that a reasonable person with knowledge of all the facts presented by Plaintiff would conclude that the undersigned's impartiality might reasonably be questioned. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Relief under Rules 59 and 60 is also inappropriate as Plaintiff has not identified a valid basis for relief beyond conclusory statements.

Accordingly, Plaintiff's Motion to Vacate (ECF No. 10) is DENIED. Plaintiff's Motion for Extension of Time (ECF No. 14) is DENIED AS MOOT given the fact that judgment has been entered and this case is closed.

IT IS SO ORDERED.

Dated: **July 14, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE